IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 17-cr-00139-PAB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. TAMAR HENRY,

     Defendant.

---

## ORDER GRANTING ENDS OF JUSTICE CONTINUANCE

---

The matter is before me on Defendant Tamar Henry's Unopposed Motion for Ends of Justice Continuance of Trial and Extension of Motions Filing Deadline [Docket No. 27], wherein Ms. Henry requests that the Court exclude 45 days from the Speedy Trial period. The defendant indicates that the United States does not oppose the motion. *Id*. at 4.

The indictment charges the defendant with one count of distributing methamphetamine. Pretrial motions were due on June 9, 2017; the trial is set for July 10, 2017. Based upon Ms. Henry's initial appearance on May 4, 2017, I find that there are 42 days left in the Speedy Trial Act period.

The defendant's motion is based on the need for defense counsel to review discovery. Although Ms. Henry is not alleged to be part of a conspiracy, this case is related to indictments in Case Nos. 17-cr-00134, 17-cr-00135, 17-cr-00136, 17-cr-00137, 17-cr-00138, 17-cr-00140, and 17-cr-00141. Defense counsel believes it

is necessary to be familiar with the discovery in those matters in order to consider

whether to file motions and to be able to evaluate possible plea options. The discovery

in those cases consists, in part, of approximately 36,000 pages of records; 11,000

pertinent call records; and over 56 GB of audio/video data. *Id*. at 2.

The defendant's motion implicates the Speedy Trial Act of 1974, codified at 18

U.S.C. §§ 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h), which

provides in relevant part:

> The following periods of delay shall be excluded . . . in computing the time
> within which the trial of any such offense must commence:
>
> . . . .
>
> (7)(A) Any period of delay resulting from a continuance granted by any
> judge . . . at the request of the defendant or his counsel or at the request
> of the attorney for the Government, if the judge granted such continuance
> on the basis of his findings that the ends of justice served by taking such
> action outweigh the best interest of the public and the defendant in a
> speedy trial.

18 U.S.C. § 3161(h)(7)(A).

The Speedy Trial Act serves two distinct interests: first, to protect a defendant's

right to a speedy indictment and trial, and second, to serve the public interest in

ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047

(10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days

after his indictment or initial appearance, whichever is later. *See* 18 U.S.C.

§ 3161(c)(1); *Zedner v. United States*, 547 U.S. 489, 497 (2006). Certain periods of

delay are excluded and do not count toward the 70-day limit. *See* 18 U.S.C.

§ 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a

continuance granted by any judge . . . on the basis of its findings that the ends of justice

served by taking such action outweigh the best interest of the public and the defendant

in a speedy trial.'" *United States v. Hill,* 197 F.3d 436, 440-41 (10th Cir. 1999) (quoting

former 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of-justice"

continuance under § 3161(h)(7)(A), certain prerequisites must be satisfied. *Id*. at 441.

First, I must consider the following factors listed in § 3161(h)(7)(B):

> (i)　　　Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
>
> (ii)　　　Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];
>
> (iii)　　　Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;
>
> (iv)　　　Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i) - (iv).  After considering these factors, I must then set forth,

"in the record of the case, either orally or in writing, [my] reasons for finding that the

ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*, § 3161(h)(7)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill*, 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989)). "Instead, '[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive[.]'" *Id*. (quoting *Doran*, 882 F.2d at 1516).

Given the large amount of discovery, I find that the exclusion of 45 days is justified and is necessary to allow defense counsel adequate time to review the discovery and to discuss it with his client.

I find that it would be unreasonable to expect adequate preparation by defendant, despite due diligence, for pretrial or trial proceedings within the time initially allowed under 18 U.S.C. § 3161(c). I have considered the factors which I must under 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(7)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel.

Accordingly, I conclude as follows:

(1) That failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

(2)  That, even considering due diligence of defense counsel, failure to grant the motion would deny counsel for defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) That an additional 45 days from the date of this order should be excluded from the computation of speedy trial; and

(4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

Therefore, it is:

1.  **ORDERED** that Defendant Tamar Henry's Unopposed Motion for Ends of Justice Continuance of Trial and Extension of Motions Filing Deadline [Docket No. 27] is granted.  It is further

2.  **ORDERED** that pretrial motions shall be filed by July 24, 2017 and responses to these motions shall be filed by July 31, 2017.  It is further

3.  **ORDERED** that the Trial Preparation Conference currently scheduled for July 7, 2017 at 1:30 p.m., as well as the trial, currently scheduled to begin on July 10, 2017 at 8:00 a.m., are vacated.  The Trial Preparation Conference will be rescheduled for **September 1, 2017 at 8:00 a.m.** and the trial reset for **September 5, 2017 at 8:00 a.m.** for three days.  It is further

4.  **ORDERED** that an additional 45 days from the date of this order shall be excluded from the computation of the speedy trial deadlines under the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161 - 3174.

DATED June 13, 2017.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge