IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01348-PAB
Criminal Case No. 17-cr-00139-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. TAMAR HENRY,

      Defendant.

---

## ORDER

---

This matter comes before the Court on movant Tamar Henry's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 [Docket No. 70] filed on May 9, 2019.  The government responded on June 7, 2019.  Docket No. 72.

The Court construes Ms. Henry's filings liberally because she is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court will not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the § 2255 motion will be denied.

## I.  PROCEDURAL HISTORY

On October 19, 2017, Ms. Henry pled guilty to distribution of five grams or more of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).  Docket No. 41 at 2.  On January 26, 2018, the Court sentenced Ms. Henry to 60 months imprisonment to be followed by four years of

supervised release.  Docket No. 50 at 1.  Ms. Henry filed an appeal, *see* Docket No. 56, but later moved to withdraw it.  Docket No. 65.  On May 9, 2019, Ms. Henry filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 due to ineffective assistance of counsel.  Docket No. 70.  Section 2255 generally requires a petition to be filed within one year of the date the judgment of conviction becomes final. 28 U.S.C § 2255(f)(1).  Under § 2255, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."  *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  Because Ms. Henry voluntarily dismissed her appeal, her conviction became final and the § 2255 clock began to run from the date the Tenth Circuit granted her motion to voluntarily dismiss the appeal.  *See Scott v. United States*, 2015 WL 10877548, at *13 n.13 (D. Wyo. Apr. 29, 2015) (citing *United States v. Sylvester,* 258 F. App'x 411, 412 (3d Cir. 2007) (unpublished) (conviction becomes final and § 2255 limitations period begins to run on date direct appeal is voluntarily dismissed); *United States v. Goward,* 719 F. Supp. 2d 792, 794 (E.D. Mich. 2010) (same)); *but see United States v. Tamfu*, 2002 WL 31452410, at *4 n.4 (N.D. Tex. Oct. 5, 2002) (assuming without deciding that movant's conviction became final 90 days after voluntary dismissal of appeal).

The Tenth Circuit granted Ms. Henry's motion for voluntary dismissal of appeal on June 6, 2018, and stated that the order was also the mandate.  Docket No. 65.  Ms. Henry filed her § 2255 motion on May 9, 2019, which was within one year of the date that her conviction became final.  Thus, her motion is timely.  *See* 28 U.S.C § 2255(f)(1).

## II.  ANALYSIS

Ms. Henry argues that she received ineffective assistance of counsel.  Ms. Henry states that she withdrew her direct appeal because her appellant attorney advised her that the plea agreement contained a waiver of the right to take a direct appeal.  Docket No. 70 at 4.  Ms. Henry does not argue that this advice was ineffective assistance of counsel.  *See id.*  While Ms. Henry's plea agreement contains a wavier of the right to bring a collateral appeal, the government concedes that this provision does not apply when the movant seeks relief based on ineffective assistance of counsel.  Docket Nos. 41 at 3-4, 72 at 2-3.

To show ineffective assistance of counsel, a movant must show that counsel's performance "fell below an objective standard of reasonableness" and that the movant was prejudiced thereby.  *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  To establish that counsel's performance fell below an objective standard of reasonableness, Ms. Henry must establish that counsel's performance was outside "the range of competence demanded of attorneys in criminal cases."  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  Prejudice is demonstrated by a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Because Ms. Henry decided to plead guilty, she must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 59.  This inquiry turns on: (1) whether going to trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual

circumstances surrounding the plea, there is in fact a reasonable probability that Ms. Henry would have rejected the proposed plea agreement and instead proceeded to trial. *Heard v. Addison*, 728 F.3d 1170, 1184 (10th Cir. 2013).

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. There is a "strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* It is Ms. Henry's burden to overcome this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* A court need not address both prongs of the *Strickland* test if the defendant fails to make a sufficient showing of one. *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

At the change of plea hearing, the Court asked Ms. Henry if she had reviewed the factual basis in the plea agreement, and she responded "yes." Docket No. 61 at 10. The plea agreement stated that Ms. Henry sold 53 grams of actual methamphetamine to a confidential human source who conducted an illegal narcotics purchase with $1,000 in pre-recorded currency at the direction of the Metro Gang Task Force. Docket No. 41 at 7. The Court asked Ms. Henry if she disagreed with any of the facts, and she said "no." Docket No. 61 at 10.

The Court explained to Ms. Henry that the parties believed the guideline range was between 100 and 125 months imprisonment, but that the parties stipulated to a sentence of 60 months pursuant to Fed. R. Crim. P. 11(c)(1)(C). *Id.* at 12. The Court asked Ms. Henry if she was satisfied with her defense counsel, to which she responded "yes." *Id.* at 17. When the Court asked Ms. Henry if she had any complaints or criticisms of her attorney, she responded "no." *Id.* The Court found that there was a

factual basis for the plea, that Ms. Henry thoroughly discussed the plea agreement with defense counsel, and that Ms. Henry was represented by competent and effective counsel throughout the proceedings. *Id.* at 19-20. The Court then accepted Ms. Henry's guilty plea. *Id.* at 20. "[S]tatements on the record, 'as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'" *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Ms. Henry claims ineffective assistance of counsel because defense counsel (1) did not conduct a reasonable background investigation by failing to interview potential witnesses and investigate mitigating evidence; and (2) failed to present Ms. Henry with the evidence of the claim against her when she asked to see it. Docket No. 70 at 3-4. Ms. Henry has not shown ineffective assistance of counsel with regard to either of these claims.

Ms. Henry does not indicate what investigation defense counsel should have performed and what witnesses should have been interviewed. *See Cummings v. Sirmons*, 506 F.3d 1211, 1228-29 (10th Cir. 2007) (finding no inadequate assistance of counsel where "[movant] did not identify what 'relevant evidence' his trial counsel failed to investigate and present"). Ms. Henry does not state the facts that an investigation would have discovered or how an investigation would have changed her decision to plead guilty. *See id*; *see generally* Docket No. 70. Ms. Henry has not cited any factual or legal defense to the charges or evidence in the plea agreement, *see* Docket No. 70, and her statements in the plea colloquy indicate that she was satisfied with defense counsel's performance. *See* Docket No. 61 at 17. The Tenth Circuit "consistently

reject[s] petitions that refer in conclusory fashion to failures of trial counsel that can be summarized as a failure . . . to discover and locate additional witnesses and evidence." *United States v. Moser*, 570 F. App'x 800, 802 (10th Cir. 2014) (unpublished).  Because Ms. Henry does not explain why an investigation would have changed anything or caused her not to plead guilty in light of the facts she admitted to at the change of plea hearing, she has not shown that defense counsel's performance was deficient.

Ms. Henry has also not shown that, even if defense counsel's performance was "below an objective standard of reasonableness," *United States v. Walling,* 982 F.2d 447, 449 (10th Cir.1992), she was prejudiced by this failure.  Whether there was prejudice turns on (1) whether going to trial would have been objectively rational under the circumstances; and (2) whether, in light of all the factual circumstances surrounding the plea, there is in fact a reasonable probability that Ms. Henry would have rejected the proposed plea agreement and instead proceeded to trial.  *Heard*, 728 F.3d at 1184.

The parties stipulated to a sentence of 60 months, and the Court sentenced Ms. Henry to 60 months imprisonment despite a guideline range of 100 to 125 months. Docket No. 62 at 28, 31.  Through the plea agreement, the parties stipulated that a confidential human source bought $1,000 worth of methamphetamine from Ms. Henry with pre-recorded bills.  Docket No. 41 at 7-8.  During the change of plea hearing, the Court asked Ms. Henry whether she disagreed with any of the stipulated facts in her plea agreement.  Docket No. 61 at 10.  Ms. Henry said "no."  *Id.*  Given the parties' stipulation to a 60-month sentence and given that her guideline range, had she been convicted at trial, was 100 to 125 months imprisonment, Docket No. 62 at 28, it is difficult to say that going to trial would have been rational under the circumstances.  *See*

*Heard*, 728 F.3d at 1184.  Ms. Henry has not alleged that there was a reasonable probability that she would have rejected the plea and gone to trial.  *See id.*  The Court finds that Ms. Henry has shown neither deficiency nor prejudice from counsel's alleged failure to investigate the claims against her and interview potential witnesses.

Ms. Henry's second allegation is that defense counsel did not present Ms. Henry with the evidence against her.  Ms. Henry's signature on the plea agreement and statements on the record contradict this assertion.  The plea agreement described the factual basis of the claim against Ms. Henry.  Docket No. 41 at 7-8.  When questioned by the Court about whether she had reviewed the plea agreement and the factual basis for the charge against her, Ms. Henry responded "yes."  Docket No. 61 at 10.  When asked if she disagreed with any of the facts, Ms. Henry responded "no."  *Id.*  Ms. Henry's assertions under oath in open court are entitled to a "strong presumption of verity" and should be credited over the post-hoc allegations in her motion.  *Blackledge*, 431 U.S. at 74; *cf. United States v. Freixas*, 332 F.3d 1314, 1318-19 (11th Cir. 2003) (holding that, in denying motion to withdraw guilty plea, court could discredit allegations that were inconsistent with findings when the plea was entered).

Assuming *arguendo* that defense counsel was deficient, Ms. Henry has failed to allege that there is a reasonable probability that she would have gone to trial if defense counsel had presented Ms. Henry with the evidence against her.  *See* Docket No. 70 at 4.  The Court finds that Ms. Henry has not established prejudice for the same reasons stated above regarding defense counsel's alleged failure to investigate and interview witnesses.

To the extent Ms. Henry's motion can be read to allege her guilty plea was unknowing and involuntary guilty plea, the Court rejects that argument. A guilty plea is constitutionally valid only to the extent it is "voluntary" and "intelligent." *Brady v. United States*, 397 U.S. 742, 748 (1970). Ms. Henry stated on the record that she signed the plea agreement voluntarily, and the Court found that Ms. Henry entered her guilty plea voluntarily, knowingly, and intelligently. Docket No. 61 at 5, 19. Ms. Henry has presented no evidence to rebut this finding.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In the present case, the Court concludes that Ms. Henry has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will deny a certificate of appealability.

Under 28 U.S.C. § 2255(b), the Court shall hold a hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a movant's claim." *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004). The Court has found that Ms. Henry has not met either prong of the *Strickland*

test and Ms. Henry has made no explanation of what testimony she would present at a hearing.  Therefore, the Court finds that a hearing is not required.

## III.  CONCLUSION

For the reasons discussed above, it is

**ORDERED** that movant Tamar Henry's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 [Docket No. 70] is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED.**

DATED December 23, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge